

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 1, 1975

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 639

Re: Whether the state and
local sales tax must be collected
on items sold to inmates of the
Harris County Jail and Harris
County Rehabilitation Center
from commissaries located at
each facility.

Dear Mr. Resweber:

You have asked for our opinion as to whether commissaries located
within the Harris County Jail and the Harris County Rehabilitation Center
must collect the state and local sales tax on items sold to the inmates of
these facilities. You explain the operation of the commissaries as follows:

> These commissaries operate independently and auton-
> omously at each location. The Humble Rehabilitation
> Center is outside the boundaries of the City of Houston,
> and not in any other city, while the Downtown Jail is in
> the City of Houston. The items sold in both are what
> would normally be expected, cigarettes, soft drinks,
> candies, consumables, toiletries, and other such
> items which might be normally subject to sales tax.
> Sales are made only to inmates and not to anyone
> else. Each commissary is individually responsible
> for its own purchasing and stocking. Any proceeds
> from such sales beyond those needed for re-stocking
> are applied to the purchase of amenities which would
> otherwise not be available, for the exclusive use and
> benefit of those legally confined in the detention center
> or jail.

Your question concerns only the applicability of the tax laws to the sales made by the Commissaries and not the legal status of the Commissaries otherwise.  Attorney General Opinion C-67 (1963) held that the Sheriff of Tarrant County might supply necessary articles to prisoners "at cost" but that a profit making commissary in the Tarrant County jail was unauthorized. Since you have advised us that any proceeds above the cost of maintaining an inventory are used to supply amenities which would otherwise be unavailable to prisoners and which the county is not otherwise obligated to provide, we assume without deciding that Attorney General Opinion C-67 is inapplicable in this case.

Article 20.02, Taxation-General, imposes a statewide, "limited sales tax at the rate of four percent (4%) on the receipts from the sale at retail of all taxable items. . ."  which are subject to taxation under the Limited Sales, Excise and Use Tax Act, articles 20.01 et seq, Taxation-General.

Articles 1066c, V. T. C. S., known as the "Local Sales and Use Tax Act", imposes a local sales tax  "of one percent (1%) on the receipts from the sale at retail of all taxable items within any city adopting such tax which items are subject to taxation by the State of Texas under the Limited Sales, Excise and Use Tax Act. " Sec. 2B, art. 1066c.  The City of Houston has adopted the local tax.

The retailer or seller of the items taxable under either Act is responsible for the collection of the tax or taxes at the time of the sale. Article 20.021 of the Limited Sales, Excise and Use Tax and section 6A of the Local Sales and Use Tax Act.

Exemptions from the imposition of either the state or local tax are contained in article 20.04 of the Limited Sales, Excise and Use Tax Act, and it is necessary to consider if the commissaries fall within any of the exemptions.

It should first be observed, that, while sales to a county and other political subdivision of the State are exempt from the imposition of the sales tax, article 20.04, subsection (H)(4), sales by a county or other political subdivision are not exempted from the tax under any provision of article 20.04.

However, another exemption, found in subsection (F)(3), has been applied to jail commissaries by the Comptroller of Texas, the state officer charged with administering the state and local sales tax laws. This provision exempts:

> Meals and food products (including soft drinks and candy) for human consumption when served to patients and inmates of hospitals and other institutions licensed by the State for the care of human beings.

Jails are authorized by state statute and the Texas State Department of Health is empowered to insure compliance with the statutory sanitation and health provisions applicable to jails. V. T. C. S., art. 5115. And the word "license" is defined by Webster's Third New International Dictionary (1967) as "a right or permission granted in accordance with law by a competent authority to engage in some business or occupation, to do some act, or to engage in some transaction . . .", a definition that could apply to the operation of a jail. Also see House Bill 272 enacted by the 64th Legislature (1975).

Where the meaning of a statute is doubtful, the construction placed on it by the officer or agency charged with administering the statute is entitled to weight. Calvert v. Kadane, 427 S. W. 2d 605 (Tex. Sup. 1968). As noted above, the Comptroller of Texas is empowered to administer the sales tax and has interpreted the exemption contained in subsection F(3) by memorandum, dated May 26, 1974, to E. J. Castillo, Director of Field Operations for the Comptroller from Fred Russ, Director of the Comptroller's Sales Tax Division. The memorandum provided in part:

> It is requested that you have each District Office check with the county jails in the State to determine if commissaries are operating and making taxable sales to inmates.
>
> If such sales are made and a tax is not charged on taxable items sold, the commissary must secure a permit, post bond and pay tax due, penalty and interest for prior quarters.
>
> . . .
>
> Food items including soft drinks and candy are exempt from the tax under Article 20. 04 (F)(3).

We adopt the Comptroller's interpretation of the applicability of the sales tax as applied to jail commissaries.

Accordingly, the commissaries involved must collect the state wide sales tax as levied by the Limited Sales, Excise and Use Tax Act on all items sold except food items including soft drinks and candy. In addition, the Harris County Jail, which is located in the City of Houston, must collect the city sales tax imposed by the Local Sales and Use Tax Act. However, the Rehabilitation Center, not being located within Houston, need not collect the city sales tax since the place of the sale determines whether a tax is due. V. T. C. S., art. 1066c, section 6B(l).

## SUMMARY

The commissary of the Harris County jail must collect the state and city sales tax on all items sold except for food, soft drinks and candy. The commissary of the County Rehabilitation Center must collect the state sales tax on all items sold except food, soft drinks and candy, but need not collect the city sales tax.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb